UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:18-cr-245-CEH-CPT

MANUEL ANTONIO RENGIFO
HIDROVO
_____/

**ORDER**

This matter comes before the Court on the Defendant's *pro se* Motion for Reduction for Mitigating Role/U.S.S.G. § App. C amend. 794 (Doc. 150). In the motion, Defendant seeks retroactive application of Amendment 794 and requests this Court grant him a minor role reduction in sentence under U.S.S.G. 3B1.2(b). The Government filed a response in opposition. Doc. 153. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Reduction for Mitigating Role.

**DISCUSSION**

Defendant was a mariner who was charged with violations of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503, 70506. Doc. 1. In November 2018, he was sentenced to 135 months. Doc. 117. In his motion, Defendant requests the Court apply the new mandatory minimum sentencing provisions as set forth in Amendment 794 for minor role participants because he was hired as a deckhand, and he did not plan, organize, or manage the criminal operation.

The Sentencing Guidelines provide for a two-level decrease to a base offense level if a defendant was a minor participant in the criminal activity. U.S.S.G § 3B1.2(b). In November 2015, the Sentencing Commission sought to clarify the guideline by adding the following language to Application Note 3(C) for § 3B1.2:

> In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

*United States v. Cruickshank*, 837 F.3d 1182, 1193–94 (11th Cir. 2016) (quoting U.S.S.G. Supp. App. C, Amend. 794).

Amendment 794 of the sentencing guidelines "added guidance to [U.S.S.G.] § 3B2.1's commentary relating to mitigating-role reductions." *United States v. Palma-Meza*, 685 F. App'x 806, 809 (11th Cir. 2017). A minor participant who may be entitled

2

to a role reduction is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as 'minimal.'" U.S.S.G. § 3B1.2, cmt. n.5.  Significantly, the Eleventh Circuit has explained that Amendment 794 "merely clarified the factors to consider for a minor-role adjustment, and did not substantively change § 31B.2." *Cruickshank*, 837 F.3d at 1194.  The amendment went into effect on November 1, 2015. *Palma-Meza*, 685 F. App'x at 809.

      Defendant argues that at sentencing neither the Government nor the PSR recommended a minimum or minor role reduction. He claims to be entitled to a reduction because of his minor role status, and he contends that the Court did not properly recognize his relatively minor role. He asserts that he should have been granted a mitigating role adjustment under § 3B1.2(b) of the guidelines. He requests retroactive application of Amendment 794 to reduce his sentence to properly account for his status as a minor role participant. Defendant's sentencing occurred in 2018, three years after Amendment 794 went into effect. Thus, a request for retroactive application of the amendment is misplaced.

      The Government responds that Defendant executed a plea agreement on July 18, 2018, which contained a waiver of appeal provision and a summary of Defendant's post-arrest statement admitting he was hired as a mariner to smuggle 1,000 kilograms of cocaine. Defendant pleaded guilty. Prior to his sentencing a PSR was issued recommending a Total Offense Level 33, and Criminal Category I, with a sentence range of 135 to 168 months. Doc. 106. No objection was filed by Defendant, nor did Defendant appeal his sentence.

As the Government's response points out, Defendant's motion fails to cite any authority to support the relief he seeks. Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Modification of a term of imprisonment, once imposed, is only appropriate when expressly permitted by statute or Fed. R. Crim. P. 35. *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Amendment 794 does not authorize a reduction in Defendant's sentence once imposed.

Accordingly, it is **ORDERED**:

1. Defendant's Motion for Reduction for Mitigating Role based on U.S.S.G. § App. C. amend. 794 (Doc. 150) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 15, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Manuel Antonio Rengifo Hidrovo, *pro se*